**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case No. 2:23-mj-28<br><br>**Filed Under Seal** |

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google LLC, an Internet service provider, headquartered in Mountain View, California, to disclose certain records and information pertaining to the following:

- thewoodscanal16427[@]gmail.com

- Android OS device ID: 5f0f6c07-79d7-47fd-8edc-8105f5295b00

| Timestamp | IP Address |
|---|---|
| 2022-11-15 08:01:59 UTC | 107.127.11.37 |
| 2022-11-12 08:15:49 UTC | 107.127.11.41 |
| 2022-11-13 08:24:35 UTC | 107.123.53.43 |
| 2022-11-15 08:01:59 UTC | 107.127.11.37 |

as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Google LLC is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google LLC. to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

4. The United States, along with the Federal Bureau of Investigation (FBI), is investigating Yousif Amin Mubarak as it relates to possible violations of 18 U.S.C. § 875(c), Transmission of a Threat in Interstate Commerce. On November 18, 2021, a federal grand jury indicted Mubarak on two counts of violating 18 U.S.C. § 875(c) for threats made in September 2021 to a dispatcher and judge. On July 1, 2022, the grand jury returned a superseding indictment

2

charging Mubarak with five additional counts of violating 18 U.S.C. § 875(c) for threats made during the same period in September 2021 to local businesses and schools. The investigation into other calls made and text messages sent during that same period to a witness, identified by the initials E.T., and continuing until at least November 2022 using spoofed phone numbers continues.

5. On January 5, 2023, law enforcement interviewed E.T., who previously exchanged text messages with the cellular number 614-726-0809, later identified as Yousif Mubarak in September 2021 on the evening in which it is alleged Mubarak placed a threatening call to Kroger, where E.T. worked. E.T. subsequently received threatening messages from spoofed telephone numbers in September 2021 in the days leading up to Mubarak's arrest. E.T. stated he recently received text messages from four unknown numbers from November 12, 2022, to November 15, 2022. A review of the text messages revealed that the messages were harassing and threatening in nature and of a kind like what Mubarak has sent previously.

6. Law enforcement determined that the four unknown numbers were generated by TextNow, a spoofing application. Mubarak previously used spoofing applications to place prior threatening calls as well as charged in his current Superseding Indictment. Thus, the use of spoofing applications and numbers by Mubarak is known to the FBI.

7. Information received from TextNow confirmed that two of the four recent phone numbers were created with the application using an Android cell phone with the identifiers listed above and in Attachment A. Subsequent IP addresses, phone call logs, subscriber information, and text message logs were also provided. A review of the call logs revealed that one of the TextNow numbers call the Speedway, 290 Bowen Road, Canal Winchester, Ohio five times on November 15, 2022. Mubarak had a prior police incident at this location in May 2021 for which it is believed that he still feels aggrieved. Also, the same TextNow number called the Sunoco, 501

Waterloo St., Canal Winchester, Ohio one time on November 15, 2022. Mubarak, using the 614-726-0809 number attributed to him, previously made threatening and/or harassing phone calls to the Sunoco on September 12, 2021. Additionally, all four TextNow telephone numbers had multiple text messages and phone calls to E.T.'s phone in the same time frame. To register the above-mentioned Android cell phone a Google account must be created or associated. Thus, the United States is seeking the Google account information for the Android cell phone that sent the text messages to E.T. to determine the identity of the sender. The Google account information may also be helpful in identifying whether Mubarak was responsible for the spoofed text messages sent to E.T. in September 2021 as well. The messages, if sent by Mubarak, in addition to violation criminal law, would also be a violation of his pretrial release conditions with respect to no contact with potential witnesses.

## REQUEST FOR ORDER

8. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google LLC be directed to produce all items described in Part II of Attachment A to the proposed Order.

9. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all the targets of the

investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

                    Respectfully submitted,

                    KENNETH L. PARKER
                    UNITED STATES ATTORNEY

                    s/Jessica W. Knight
                    JESSICA W. KNIGHT (0086615)
                    Assistant United States Attorney
                    Southern District of Ohio
                    303 Marconi Boulevard, Suite 200
                    Columbus, OH  43215
                    Phone No.: (614) 469-5715
                    Email:  Jessica.Knight@usdoj.gov

## ATTACHMENT A

I. **The Account(s)**

The Order applies to certain records and information associated with the following IP address:

- thewoodscanal16427[@]gmail.com

- Android OS device ID: 5f0f6c07-79d7-47fd-8edc-8105f5295b00

| Timestamp | IP Address |
|---|---|
| 2022-11-15 08:01:59 UTC | 107.127.11.37 |
| 2022-11-12 08:15:49 UTC | 107.127.11.41 |
| 2022-11-13 08:24:35 UTC | 107.123.53.43 |
| 2022-11-15 08:01:59 UTC | 107.127.11.37 |

II. **Records and Other Information to Be Disclosed**

Google LLC is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the period September 1, 2021, to present regardless of whether such information is located within or outside of the United States:

    A.    The following information about the customers or subscribers of the Account:

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3.    Local and long distance telephone connection records (including records of text messages sent and received);

        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5.    Length of service (including start date) and types of service utilized;

        6.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers

          ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

      7.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address, advertising identifier declaration (IDFA), publishing IDS, tracking publisher ID, UID); and

      8.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.    All records and other information (not including the contents of communications) relating to the Account, including:

      1.    Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and

      2.    Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers)

C.    Access and activity logs;

D.    User agent information and device ID information, including all devices used to access the Target Account and Apple or Android IDs

E.    All cookies associated with or used by any computer or web browser associated with the Target Account, including IP addresses, dates, and times associated with the recognition of any such cookie.

The Provider is hereby ordered to disclose the above information to the government within 14 days of issuance of this Order.

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct.  I am employed by Google LLC., and my title is _____.  I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved.  I state that the records attached hereto are true duplicates of the original records in the custody of Google LLC.  The attached records consist of _____ **[GENERALLY DESCRIBE RECORDS, SUCH AS:** pages / CD(s) / megabytes**]**.  I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Google LLC., and they were made by Google LLC.as a regular practice; and

    b.    such records were generated by Google LLC.'s electronic process or system that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Google LLC.in a manner to ensure that they are true duplicates of the original records; and

        2.    the process or system is regularly verified by Google LLC., and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____  _____
Date                                                    Signature